UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.

ALBERTO CURBELO

**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

VILLAGE OF MONTICELLO
DETECTIVE GERALD DIETZ
POLICE OFFICERS JOHN DOE #1-5
(the name John Doe being fictitious, as the
true names are presently unknown)

**JUDGE KARAS**

**07 CIV. 8045**

Defendants.

Plaintiff, ALBERTO CURBELO, by and through his attorney, Law Office of Antoinette L. Williams, P.C., complaining of the Defendants respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action to redress the violation of Plaintiff's rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Defendants Village of Monticello, Detective Gerald Dietz and members of Monticello Police Department subjected Plaintiff to an illegal search of his person and home, malicious prosecution, negligence, property damage and false imprisonment.

1

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, 1343 and 1367.

## VENUE

3.  Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b) in that this is the District in which the claim arose. Plaintiff filed a Notice of Claim within 90 days of notice of the incident. A 50-H hearing was conducted as to Plaintiff and more than thirty days have elapsed since the Notice of Claim has been served upon the Defendants and since the 50-H hearing was concluded and the Defendants have neglected or refused to make any adjustment or payment thereof. The action was commenced within one year and ninety days after the cause of action arose.

## JURY DEMAND

4.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5.  Plaintiff is a Spanish male and a resident of the County of Sullivan and State of New York.

6.  Defendant, Village of Monticello was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.  Defendant, Detective Gerald Dietz is a member, servant, agent and employee of the Monticello Police Department and was involved in the events arising on June 15, 2006 and November 17, 2006.

8. Defendants Police Officers John Doe #1-5 are members, servants, agents and employees of the Monticello Police Department who were involved in the illegal search of Plaintiff's home on June 15, 2006.

## STATEMENT OF FACTS

9. On June 15, 2006 between 5:00 a.m. and 6:00 a.m. at 18 Terry Lane in Monticello, New York, Detective Gerald Dietz and Police Officers John Doe #1-5 entered Plaintiff's residence and searched Plaintiff's residence and person without legal justification.

10. Defendants presented a no knock search warrant which was requested and applied for by Detective Gerald Dietz. At that time, Plaintiff was not aware that there was no legal justification for the search and detainment.

11. During the execution of the warrant, Defendants used excessive force in their attempt to gain entry into Plaintiff's residence, causing damage to Plaintiff's property. Defendants unnecessarily pointed a gun at the Plaintiff and ordered him to remain on a couch while pointing a gun in his face.

12. Defendants proceeded to search Plaintiff's residence and destroyed his personal property during the process. No illegal contraband was found. Defendants provided Plaintiff with a copy of the search warrant prior to exiting his residence.

13. On November 17, 2006 Plaintiff testified at a court hearing on behalf of another individual (an African American male) who had also been the subject of a warrant that was applied for and requested by Detective Gerald Dietz. During that proceeding, Detective Gerald Dietz testified under oath that he was informed by his confidential informant, prior to the execution of the Plaintiff's warrant, that there were no drugs or

illegal contraband in the Plaintiff's place of residence. He further testified that he was aware that the individuals, who were allegedly the subject of the warrant, were no longer at Plaintiff's residence. He testified that he had Plaintiff's permission to enter and search the residence. That was an absolute falsehood.

14. Plaintiff testified that the Defendants attempted to break down the door to his residence and never requested permission to enter nor search his residence. Plaintiff did not become aware of the confidential informant's statements to Detective Gerald Dietz until November 17, 2006. Plaintiff awareness of the claim arose on November 17, 2006.

15. As a result of Defendants' actions Plaintiff suffered pain, emotional distress, fear, embarrassment, humiliation, loss of privacy, loss of freedom, liberty, property damage, mental anguish, loss of quality and enjoyment of life, deprivation of his Constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-15 with the same force and effect as if more fully set forth at length herein.

17. That Defendants' Detective Gerald Dietz and Police Officers John Doe #1-5, conduct on June 15, 2006 violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. § 1983 and §1988. Plaintiff was unlawfully detained and searched as to both his person and his property.

18. The Defendants acted maliciously, willfully and wantonly although under color of law and Plaintiff was deprived of his rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution including but not limited to: the right to be secure in his person, papers and effects against unreasonable searches

and seizures; the right to be free from unreasonable use of force; the right to life, liberty, and property without due process of law; the right to humane treatment during detention; and the right to the equal protection of the laws secured by the Fourteenth Amendment of the United States Constitution.

19.  That the detention and search of Plaintiff and his property was without any legal authority and without any reasonable cause or belief that the Plaintiff was in fact guilty of any crime.

## AS AND FOR A SECOND CAUSE OF ACTION

20.  Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-19 with the same force and effect as if more fully set forth at length herein.

21.  That Defendants Detective Gerald Dietz and Police Officers John Doe #1-5, actions resulted in the Plaintiff being falsely imprisoned and unlawfully confined. That Plaintiff was aware of the confinement, did not consent to same and that said confinement was not otherwise privileged nor lawful.

22.  That Defendants intended to falsely imprison and confine Plaintiff and that Plaintiff was prevented from performing his daily and usual activities due to the confinement and was deprived of his freedom and liberty.

## AS AND FOR A THIRD CAUSE OF ACTION

23.  Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-22 with the same force and effect as if more fully set forth at length herein.

24.  The conduct of Defendants Detective Gerald Dietz and Police Officers John Doe #1-5 as described herein amounted to negligence. Defendants owed a duty to Plaintiff, breached its duty and the breach was the proximate cause of Plaintiff's harm.

## AS AND FOR A FOURTH CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-24 with the same force and effect as if more fully set forth at length herein.

26. The conduct of Defendants Detective Gerald Dietz and Police Officers John Doe #1-5 as described herein amounted to malicious prosecution and abuse of authority.

27. The conduct of Defendants Detective Gerald Dietz and Police Officers John Doe #1-5 as described herein amounted to invasion of Plaintiff's privacy and trespass.

## AS AND FOR A FIFTH CAUSE OF ACTION

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-27 with the same force and effect as if more fully set forth at length herein.

29. That the Defendant Village of Monticello was negligent, careless and reckless in its hiring, retaining, properly training and supervising as and for its employees, servants and agents, namely the Defendants named herein, in that the said defendants lacked the experience, deportment and necessary ability, Defendant failed to exercise due care and caution in its hiring practices; failing to investigate the Defendants backgrounds; failed to train and retrain in the proper methods of securing and executing a search warrant; the proper use of force; to control their tempers and exercise proper control; to honor their oath and honor their oath when testifying in a court of law; and to otherwise act as reasonably prudent police officers and detectives.

30. That the aforesaid was caused solely by Defendant's negligence without any negligence on the part of the Plaintiff.

## AS AND FOR A SIXTH CAUSE OF ACTION

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-30 with the same force and effect as if more fully set forth at length herein.

32. That Defendant Village of Monticello is vicariously liable under state law for Plaintiff's claim for illegal search and detainment, malicious prosecution, negligence, trespass, invasion of privacy, false imprisonment and abuse of authority.

33. Defendant Village of Monticello is further liable because it negligently trained, hired, supervised and retained Defendants Gerald Dietz and Police Officers John Doe #1-5.

## AS AND FOR A SEVENTH CAUSE OF ACTION

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in ¶¶ 1-33 with the same force and effect as if more fully set forth at length herein.

35. Defendant Village of Monticello has acted with a callous, reckless and deliberate indifference to Plaintiff's Constitutional Rights and have failed to properly sanction or discipline police officers, including the Defendants in this case for violations of Constitutional rights of citizens thereby causing defendants to engage in unlawful conduct.

36. Defendants have also intentionally or recklessly enforced the law in a discriminatory manner against non whites.

37. Defendant knew or should have known that such pattern of conduct was carried out by its agents, servants and employees, namely the defendants named herein and have not taken any steps or efforts to halt this course of conduct, to make redress to the Plaintiff or take disciplinary action in any manner against its employees, agents or servants.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the Defendants:

a.  Compensatory Damages in an amount to be determined by a jury;

b.  Punitive Damages in an amount to be determined by a jury;

c.  Attorney fees and costs, disbursements and interest;

d.  Such other and further relief as this Court may deem just and proper including injunctive and declaratory relief.

Dated: September 13, 2007

Yours, etc.,

*/s/ Antoinette L. Williams*

Antoinette L. Williams (AW7851)
Law Office Antoinette L. Williams, P.C.
Attorney for Plaintiff
340 Ardsley Road 1A
Scarsdale, New York 10583
(914) 722-6620

## ATTORNEY VERIFICATION

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF WESTCHESTER        )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms as true and under all the penalties of perjury that I am the attorney for the Plaintiff herein, in the within action; that affirmant has read the foregoing complaint and knows the contents thereof; that same is true to affirmant's own knowledge, except matters stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true. This verification is made by affirmant and not by Plaintiff because Plaintiff resides outside of the County of affirmant's office. The grounds for affirmant's belief are investigations, information obtained in the course of representing Plaintiff.

_____
ANTOINETTE L. WILLIAMS