0872957
BJP/pl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALBERTO CURBELO,

                                  Plaintiff,                    **ANSWER TO**
                                                                              **PLAINTIFF'S COMPLAINT**

    -against-

                                                                              07 CIV. 8045 (KMK)
                                                                              ECF CASE
VILLAGE OF MONTICELLO                              **JURY TRIAL DEMANDED**
DETECTIVE GERALD DIETZ
POLICE OFFICERS JOHN DOE #1-5
(the name John Doe being ficitious, as the
true names are presently unknown),

                                    Defendants.
-----------------------------------------------------------------x

      Defendant, VILLAGE OF MONTICELLO, by its attorneys, LAW OFFICE OF THOMAS K. MOORE, answering the complaint, respectfully sets forth upon information and belief:

## PRELIMINARY STATEMENT

      1.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "1" of the complaint, and refers all questions of law to this Honorable Court.

## JURISDICTION

      2.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "2" of the complaint, and refers all questions of law to this Honorable Court.

## VENUE

      3.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "3" of the complaint, and refers all questions of law to this Honorable Court.

## JURY DEMAND

      4.    Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "4" of the complaint, and refers all questions of law to this Honorable Court.

## PARTIES

5.Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "5" of the complaint.

6.Admits each and every allegation contained in paragraph numbered "6" of the complaint.

7.Denies each and every allegation contained in paragraph"7" numbered of the complaint, except admits that defendant, Detective Gerald Dietz was an employee of the Monticello Police Department on June 15, 2006 and November 17, 2006.

8.Denies each and every allegation contained in paragraph numbered "8" of the complaint.

## STATEMENT OF FACTS

9.Denies each and every allegation contained in paragraphs numbered "9", "11", "12" and "15" of the complaint.

10.Denies any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph numbered "10" of the complaint, except admits that defendant presented a search warrant which was requested and applied for by Detective Gerald Dietz and refers all questions of law to this Honorable Court.

11.Denies each and every allegation contained in paragraphs numbered "13" and "14" of the complaint, except as the transcript of the testimony may otherwise reflect, and respectfully refers to said transcript as best evidence of its content, purport and intent.

## AS AND FOR A FIRST CAUSE OF ACTION

12.Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

13.Denies each and every allegation contained in paragraphs numbered "17"', "18" and "19" of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

14.Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

15.Denies each and every allegation contained in paragraphs numbered "21" and "2the complaint.

### AS AND FOR A THIRD CAUSE OF ACTION

16. Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

17. Denies each and every allegation contained in paragraph numbered "24" of the complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION

18. Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

19. Denies each and every allegation contained in paragraphs numbered "26" and "27" of the complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION

20. Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

21. Denies each and every allegation contained in paragraphs numbered "29" and "30" of the complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION

22. Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

23. Denies each and every allegation contained in paragraphs numbered "32" and "33" of the complaint.

### AS AND FOR A SEVENTH CAUSE OF ACTION

24. Repeats and reiterates all of the admissions and denials contained in the foregoing answer with the same force and effect as if herein set forth at length.

25. Denies each and every allegation contained in paragraphs numbered "35", "36" and "37" of the complaint.

### AS AND FOR A FIRST SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

26. That if the plaintiff's sustained any injuries as alleged, such injuries were caused by his own fault and negligence, and/or culpable conduct, wholly or partially.

### AS AND FOR A SECOND SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

27. If the plaintiff's sustained any injuries as alleged, the answering defendant's liability is limited to its equitable share, if any, of the total liability of all parties.

### AS AND FOR A THIRD SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

28. That in the event a verdict or decision is determined in favor of plaintiffs and against the defendant, then in that event the defendant is entitled to have a Court consider whether any past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source, and in such case the Court shall be asked to reduce the amount of the award in accordance with CPLR§ 4545.

### AS AND FOR A FOURTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

29. At all times relevant hereto, the defendant acted in accordance with all applicable laws, rules, regulations and statues of the State of New York and of the United States of America.

**AS AND FOR A FIFTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:**

30. Plaintiffs allege no action or inaction on the part of the defendant which would give rise to a claim pursuant to 42 U.S.C § 1983.

**AS AND FOR A SIXTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:**

31. Any conduct alleged by the plaintiffs is *de minimus* and insubstantial and, as such, the allegations fail to establish a claim under 42 U.S.C § 1983

**AS AND FOR A SEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:**

32. Punitive damages are not recoverable against the municipality.

**AS AND FOR A EIGHTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:**

33. Insofar as plaintiffs seek to impute liability to the defendant simply because it is alleged to have employed one or more alleged constitutional tortfeasors, this action should be dismissed since the doctrine of *respondeat superior* is not available in an action brought pursuant to 42 U.S.C §1983.

**AS AND FOR A NINTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:**

34. If plaintiffs suffered any injuries, such injuries were not the result of a pattern, practice, policy or custom of the municipality and were not the result of any action taken by defendant acting under color of state law.

### AS AND FOR A TENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

35. Plaintiffs are not entitled to attorney's fees because they have not alleged any cognizable constitutional or federal claim.

### AS AND FOR A ELEVENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

36. Plaintiffs have failed to allege any claim pursuant to which they would be entitled to recover punitive damages from the named defendant.

### AS AND FOR A TWELFTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

37. To the extent plaintiffs raise any state law claims, those claims are barred by virtue of plaintiffs' failure to comply with General Municipal Law § 50-e and § 50-i.

### AS AND FOR A THIRTEENTH SEPARATE, AFFIRMATIVE AND COMPLETE DEFENSE TO PLAINTIFF'S ALLEGED CAUSE OF ACTION, THIS DEFENDANT RESPECTFULLY SETS FORTH AND ALLEGES UPON INFORMATION AND BELIEF:

38. Plaintiff's state law claims sounding in assault, battery, false imprisonment and/or malicious prosecution have not been timely commenced as required by CPLR §215.

**WHEREFORE**, each answering defendant demands judgment:

(1) Dismissing the complaint, and

(2) For costs, disbursements and attorney's fees against adverse parties.

Dated: White Plains, New York
       November 30, 2007

                                          LAW OFFICE OF THOMAS K. MOORE

                                          By: _____s/_____
                                              BRIAN J. POWERS  (BP-1992)
                                          Attorneys for Defendant
                                          VILLAGE OF MONTICELLO
                                          Office & P.O. Address
                                          701 Westchester Avenue - Suite 101W
                                          White Plains, New York  10604
                                          (914) 285-8500

TO:

LAW OFFICE OF ANTOINETTE L. WILLIAMS, P.C.
Attorney for ALBERTO CURBELO
340 Ardsley Road 1A
Scarsdale, New York  10583
(914) 722-6620

Michael F. Grady, Esq.
RENDE, RYAN & DOWNES
Attorneys for Defendant
DETECTIVE GERALD DIETZ
202 Mamaroneck Avenue
White Plains, New York  10601
(914) 681-0444